IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

JASON D. L. SMITH                                                                                                    PLAINTIFF

      v.                             Civil No. 2:21-cv-02119-MEF

KILOLO KIJAKAZI, Acting Commissioner,
Social Security Administration                                                                         DEFENDANT

## MEMORANDUM OPINION AND ORDER

Pending now before this Court is Plaintiff's Motion for Attorney Fees Under the Equal Access to Justice Act.  (ECF Nos. 29, 30).  On December 5, 2022, Plaintiff filed a motion for attorney's fees and costs under 28 U.S.C. § 2412, the Equal Access to Justice Act (hereinafter "EAJA"), requesting $5,840.50[1], representing a total of 26.75 attorney hours for work performed in 2021 and 2022, at an hourly rate of $206.00, and 4.40 paralegal hours at an hourly rate of $75.00.  (ECF No. 30-2).  On October 12, 2022, the Commissioner filed objections.  (ECF No. 32).

### I.     Discussion

It is the opinion of the undersigned that the Plaintiff is entitled to a fee award in this case, as he is the prevailing party, the government's decision to deny benefits was not "substantially justified," the hourly rate requested for both attorney and paralegal hours does not exceed the CPI for either year in question, and the majority of the time asserted to have been spent in the representation of the Plaintiff before the district court is reasonable.  *See Jackson v. Bowen*, 807 F.2d 127, 128 (8th Cir. 1986) (burden is on the Commissioner to show substantial justification for the government's denial of benefits); *Johnson v. Sullivan*, 919 F.2d 503 (8th Cir. 1990) (the hourly rate may be increased when there is "uncontested proof of an increase in the cost of living sufficient

---

[1] As pointed out by the Defendant, the Plaintiff miscalculated the total fee requested in both his motion and brief. This number reflects the correct calculation.  (ECF No. 30-1).

to justify hourly attorney's fees of more than $75.00 an hour); and, *Hensley v. Eckerhart*, 461 U.S. 424, 430 (1983) (in determining reasonableness, court looks at time and labor required; the difficulty of questions involved; the skill required to handle the problems presented; the attorney's experience, ability, and reputation; the benefits resulting to the client from the services; the customary fee for similar services; the contingency or certainty of compensation; the results obtained; and, the amount involved). However, in accordance with the Defendant's objections, the Court will reduce Plaintiff's fee award by a total of 3.55 attorney hours, as we find Plaintiff's request for 2.75 attorney hours for preparing the Complaint to be excessive and will not award fees for time expended preparing requests for extensions of time and responses to show cause orders. Accordingly, Plaintiff is entitled to an attorney's fee award under EAJA in the amount of $5,109.20 ((23.20 x $206.00 = $4,779.20) + (4.40 x $74.00 = $330.00)).

Pursuant to *Astrue v. Ratliff*, 560 U.S. 586, 596 (2010), the EAJA fee award should be made payable to Plaintiff; however, as a matter of practice, an EAJA fee made payable to Plaintiff may properly be mailed to Plaintiff's counsel.

The parties are reminded that, to prevent double recovery by counsel for the Plaintiff, the award herein under the EAJA will be considered at such time as a reasonable fee is determined pursuant to 42 U.S.C. § 406.

## II.   Conclusion

Based upon the foregoing, Plaintiff is awarded the sum of **$5,109.20** for attorney's fees pursuant to the EAJA, 28 U.S.C. § 2412.

Dated this 6th day of January 2023.

/s/ Mark E. Ford
HONORABLE MARK E. FORD
CHIEF UNITED STATES MAGISTRATE JUDGE